In re MARRIAGE OF Cheryl Lynn SCHERRMAN and David James Scherrman.

Upon the Petition of Cheryl Lynn Scherrman, Petitioner–Appellant,

And Concerning David James Scherrman, Respondent–Appellee.

No. 88–1681.

Court of Appeals of Iowa.

Aug. 23, 1989.

Stephen J. Juergens and David C. Rashid, of Fuerste, Carew, Coyle, Juergens & Sudmeier, P.C., Dubuque, for petitioner-appellant.

Mary Browne McCuskey and Richard G. Lovig, of Clemens, King & McCuskey, Dubuque, for respondent-appellee.

Considered by OXBERGER, C.J., and HAYDEN and HABHAB, JJ.

OXBERGER, Chief Judge.

Cheryl Lynn Scherrman appeals a modification order to her decree of dissolution which reduces David James Scherrman's child support obligation from $150 per week to $100 per week. Our review is de novo. We affirm as modified.

Cheryl Lynn Scherrman (Cheryl) and David James Scherrman's (David) marriage was dissolved in 1987. The 1987 dissolution decree placed the parties' two children, Angela Marie, born November 7, 1975, and Jennifer Lynn, born February 23, 1978, in Cheryl's physical care and directed David to pay child support of $150 per week. At the time of the 1987 dissolution, Cheryl was a full time college student at Clarke College with no income and David was employed by Iowa Oil, with a net monthly income of $1,692.

In 1988 David filed the present petition to modify the dissolution decree, seeking a reduction in his child support obligation. As a change of circumstances, he alleged that he had changed jobs and that his net monthly income had dropped from $1,692 per month to $800 per month. (David quit his former, higher-paying job so he could move to a different town where his new girlfriend lives.)

On May 14, 1988, Cheryl graduated from Clarke College, receiving a Bachelor of Arts Degree in elementary and early childhood education. At the time of the modification hearing, Cheryl had no independent source of income aside from the child support and alimony which she was receiving from David. Furthermore, Cheryl testified that she was not seeking any nonteaching position and presently seeks employment as a substitute teacher until she secures a full-time teaching position.

The district court granted David's request and reduced his child support obligation from $150 per week to $100 per week.

Cheryl has appealed from the modification order reducing her child support award. She contends that David's change of employment was voluntary and therefore did not constitute good cause for the reduction in child support.

Our review of orders on applications to modify child support is de novo. We give weight to the trial court's findings of fact but we are not bound by them. *Mears v. Mears*, 213 N.W.2d 511, 515–16 (Iowa 1973); Iowa R.App. P. 4. The trial court has reasonable discretion in determining whether modification is warranted and that discretion will not be disturbed on appeal unless there is failure to do equity. *In re Marriage of Vetternack*, 334 N.W.2d 761, 762 (Iowa 1983).

Upon dissolution of a marriage, both parties have a duty to support their children, not necessarily equally, but in accordance with their respective abilities to pay. *In re Marriage of Anderson*, 400 N.W.2d 84 (Iowa App.1986).

As earlier noted, David voluntarily relocated and left his higher-paying job for a lower-paying job. His net monthly income was reduced by more than fifty percent from $1,692 per month to $800 per month.

In *In re Marriage of Kern*, 408 N.W.2d 387 (Iowa App.1987) we addressed the issue of voluntary reductions in earning capacity. We noted that " '[a] petition for modification will be denied if the change in financial condition is due to fault or voluntary wastage or dissipation of one's talents and assets." *Kern*, 408 N.W.2d at 390.

In *In re Marriage of Wegner*, 434 N.W.2d 397 (Iowa 1988), the supreme court affirmed the ruling of this court where we modified an alimony award holding the spouse should work up to her earning capacity. In the case at bar David is presently not working up to his earning capacity. For nine years he had steady employment earning $1,692 per month. Presently he is earning $800 per month. His girlfriend helped him get his present job. He quit his old job one day and three days later had the new job 250 miles away in his girlfriend's community. We find his reduction in pay is for personal reasons and voluntary. We do not feel his children should suffer because he desires to change jobs for personal reasons. We modify the trial court's modification order and deny David's application to modify the child support order. We leave the child support order at the original amount of $150 per week.

Finally, Cheryl requests attorney fees on appeal. Attorney fees are not recoverable as a matter of right but rest within the discretion of the court and depend upon the financial needs of the requesting party and the other party's ability to pay. *See In re Marriage of Orgren*, 375 N.W.2d 710, 714 (Iowa App.1985). Each party shall be responsible for his or her own attorney fees. Costs of appeal shall be split fifty-fifty among the parties.

AFFIRMED AS MODIFIED.