**IOWA DEPARTMENT OF HUMAN SER-VICES, ex rel., Carol Ann GONZALES, Mother of Matthew Ryan Gonzales, Petitioner–Appellee,**

v.

**Dennis Glenn GABLE, Respondent–Appellant.**

**No. 89–1846.**

Court of Appeals of Iowa.

June 25, 1991.

Steven A. Stefani of Gray, Stefani & Mitvalsky, Cedar Rapids, for respondent-appellant.

Thomas J. Miller, Atty. Gen., Gordon E. Allen, Deputy Atty. Gen., J. Livingston Dunkle, Asst. Atty. Gen., and Corenne Liabo, Asst. Co. Atty., for petitioner-appellee.

Considered by OXBERGER, C.J., and SACKETT and HABHAB, JJ.

SACKETT, Judge.

In his action establishing paternity, appellant father contends the child support fixed by the trial court is excessive. We affirm.

Petitioner-appellee Carol Gonzales and respondent-appellant Dennis Gable are the parents of a son born May 10, 1986. On August 29, 1988, a petition was filed seeking to establish the child's paternity, to require Dennis to pay expenses connected with the child's birth, and to fix child support commencing at the child's birth.

On November 3, 1989, after a hearing, the trial court entered an order establishing paternity, and ordering Dennis to pay medical expenses of $719.95 and child support commencing May 17, 1986, of $50 a week.

Dennis on appeal challenges only the amount of support. His contention is the trial court should have based his child support obligation on his actual earnings rather than on his capacity to earn. He contends the amount he was ordered to pay exceeds the child support guidelines. We affirm.

Carol has been employed at Quaker Oats Company for over fifteen years. She earns $13.27 an hour with a net monthly income of approximately $1,381. She has a pension plan and a stock bonus plan. At the time of trial, she had stock worth $9,000, and $6,700 in savings.

Dennis lives in Cedar Rapids with his father. He obtained a degree in education from the University of Northern Iowa in 1974, and moved to Los Angeles, California where he worked in a gym and held odd jobs such as endorsing health products, acting in bit parts in movies, and helping with constructing and dressing sets for Universal Studios. Five years ago he moved to Cedar Rapids and has been employed at health clubs. He earns $3.25 an hour for the hours he works. He is employed as an independent contractor, and his gross earnings from the health club are only $300 a month. He also does substitute teaching for the public school system.

Since his graduation from college, Dennis has always worked at physical fitness centers. Dennis has never taught in a school full time. Dennis's net income in 1989 was approximately $516.68 per month. He has no assets and no pension plan, other than social security.

Dennis has applied for work at various places, including the Oakdale Correctional Center and Federal Express. He has not been hired. His assignments as a substitute teacher are not consistent. To become a full-time teacher and renew his certificate, he would need eight units of education. He has applied for a full-time teaching position and was not hired. His only experience in teaching is as a substitute. There is no evidence a full-time position is available to him. Dennis appears to be in good health and able to work forty hours a week, but he has not done so.

The trial court found Dennis's child support should be fixed at "the level appropriate given his earning capacity," and that Dennis "always had the capacity to earn at least that rate." The trial court therefore used earning capacity to calculate child support from his son's birth. Dennis contends this is not equitable and not in accord with the child support guidelines adopted by our supreme court.

The first question is whether the trial court was wrong in ordering child support in an amount in excess of the figure arrived at by applying Dennis's and Carol's net income as defined by the guidelines to the guideline charts. The child support guidelines the Iowa court has adopted are to be used in determining child support and may be adjusted if the court finds and rules, in writing, an adjustment is necessary to provide for the needs of the children and to prevent substantial injustice. See In re Marriage of Lalone, 469 N.W.2d 695, 697–98 (Iowa 1991).

The trial court found, in writing, that Dennis's earning capacity exceeded his earnings and used a larger figure than Dennis's actual earnings in applying the chart. A trial court's finding of earning capacity rather than a party's actual earnings can, under certain circumstances, be

used in applying the charts. But, before using earning capacity rather than actual earnings, a court, in making this equitable determination, must make written findings using the following criteria:

> (1) Substantial injustice would result to the payor, payee, or child.

> (2) Adjustments are necessary to provide for the needs of the child and to do justice between the parties, payor, or payee under the special circumstances of the case; and

> (3) Circumstances contemplated in Iowa Code section 234.39 (cost of services provided by the Iowa department of human services).

*See generally* Iowa Code chapter 252E. *See In re Marriage of Bergfeld,* 465 N.W.2d 865, 870 (Iowa 1991). The trial court did not make such findings. The question is whether the trial court's equitable determination of Dennis's earning capacity is justified under the criteria. Dennis argues it was not.

 Both parents have a legal obligation to support their children, not necessarily equally but in accordance with his or her ability to pay. *See In re Marriage of Craig,* 462 N.W.2d 692, 693 (Iowa App. 1990); *In re Marriage of Byall,* 353 N.W.2d 103, 108 (Iowa App.1984). Both father and mother have a duty to support. *Id.* In this case Carol Ann has the better job and has a greater ability to contribute to the child's support.

■ Dennis has a college degree. Education generally enhances a person's earning capacity, but a college degree does not carry with it a guarantee of a good job and an adequate salary. In assessing earning capacity, we generally do not look at what a party could have done with his or her education, but rather we look at what he or she has actually done. *See In re Marriage of Griffin,* 356 N.W.2d 606, 609 (Iowa App. 1984).

We look to Dennis's employment history. Despite his college degree, Dennis's earnings have always been minimal. He has been employed at substantially the same level for the past fifteen years.

■ We look to present earnings. *See In re Marriage of Byall,* 353 N.W.2d at 107. Support may also be based on a payor's earning capacity rather than just his or her actual earnings. *See In re Marriage of Wegner,* 434 N.W.2d 397, 399 (Iowa App. 1989); *In re Marriage of Sherrman,* 447 N.W.2d 564, 566 (Iowa App.1989).

■ Dennis does not work a forty hour week. His health is good, and we find no valid reason why he cannot work a regular work week earning at least minimum wage. We agree with the trial court's determination of his earning capacity. We find a refusal to consider his earning capacity in fixing future support would result in a substantial injustice to the child. *See Bergfeld,* 465 N.W.2d at 870. We therefore affirm the trial court's support order.

Dennis claims he is entitled to attorney fees. He cites no authority to support his position, and we find none.

AFFIRMED.