In re the MARRIAGE OF Donald G. BONNETTE and Sally A. Bonnette.

Upon the Petition of Donald G. Bonnette, Petitioner–Appellant/Cross–Appellee,

And Concerning Sally A. Bonnette, n/k/a Sally Orr, Respondent–Appellee/Cross–Appellant.

No. 91–1314.

Court of Appeals of Iowa.

Sept. 29, 1992.

John B. Grier and Joel T.S. Greer of Cartwright, Druker & Ryden, Marshalltown, for appellant.

Leslie Babich of Babich, Bennett & Nickerson, Des Moines, for appellee.

Considered by DONIELSON, P.J., and SACKETT and HABHAB, JJ.

DONIELSON, Presiding Judge.

Donald and Sally Bonnette were married for seven years. They had two children, Zacharia, born in August 1979, and Jesse, born in January 1982.

A dissolution of marriage decree was entered in July 1985. Donald was ordered to pay $200 monthly alimony for three years. Donald was also ordered to pay Sally a substantial property settlement, attorney fees, court costs, and Sally's health insurance for a limited period of time. Donald was charged with the responsibility of paying all marital debts. Donald, who lived in Marshalltown, received custody of the children. Sally, who lived in Des Moines, received visitation, but was not ordered to pay any child support.

Sally is a high school graduate and has taken a few college courses. While Sally has worked as a bank teller and bookkeeper, she has been a homemaker for most of her married life.

Donald has a bachelor of arts degree and has worked in a variety of jobs. At the time of the dissolution, Donald was earning $39,000 per year. In May 1987, he started a new job, earning $29,000 a year.

Sally remarried in October 1986. Five days after this marriage, Donald filed an application to modify the decree and terminate his duty for further alimony payments. Sally filed a counter-application asking that Donald be required to contribute to the costs of transporting the children for visitation.

The district court granted Donald's application, and terminated the alimony payments. The district court also ordered the parties to equally share the burden of transporting the children to and from visitations. On appeal, the court found Sally failed to show a change in circumstances to warrant changing the original decree and ordered Sally to pay all costs of transporting the children to visitation. *See In re Marriage of Bonnette*, 431 N.W.2d 1 (Iowa App.1988).

In May 1989, Donald remarried. Donald and his new wife have one child, born in December 1990. Sally and her husband had a child in October 1987. Since the birth of her child, Sally has chosen to remain at home as a mother and homemaker.

In September 1990, Donald proposed Sally take primary physical care of the children for the upcoming school year without him paying child support. While Sally objected to Donald's refusal to pay child support, she agreed to try the arrangement, and the children moved in with Sally and her new husband.

In March 1991, Sally filed an application for modification of the dissolution decree.

Sally sought primary physical care of the children and child support. At the modification hearing, the parties agreed Sally should be awarded primary physical care of the children subject to liberal visitation rights.

However, Donald argued application of the Uniform Child Support Guidelines would be inappropriate because he had had physical care of the boys for five years and Sally had not been required to pay child support, because Sally had voluntarily left the job market, and because the financial conditions of Sally's remarriage and his remarriage made application of the guidelines inappropriate. Sally's new husband earns approximately $52,250 per year.

On July 2, 1991, the district court filed its order rejecting Donald's arguments. The court concluded Donald failed to rebut the statutory presumption that application of the guidelines would yield the correct amount of child support. Therefore, the court ordered Donald to pay monthly child support, effective August 1, 1991, in the amount as set forth by the guidelines. The district court ordered each party to pay their own attorney fees.

Sally filed a rule 179(b) motion, arguing the district court should have ordered Donald to pay child support retroactively to March 1, 1991, or in the alternative, June 1, 1991. Donald also filed a 179(b) motion, asking the court to determine the amount of income which should be assigned to Sally because of her voluntary withdrawal from the job market. Sally subsequently filed a resistance.

On August 8, 1991, the district court overruled both rule 179(b) motions. Donald filed notice of appeal and Sally filed notice of cross-appeal.

On September 9, 1991, the district court ordered the record reopened for a brief evidentiary hearing on the limited issue of visitation transportation. On September 13, 1991, the district court filed a modification decree ordering each party to alternate in responsibility for the transportation expenses of the children.

Donald filed a notice of appeal from the district court's September 13 ruling and Sally filed a cross-appeal. On September 25, 1991, Justice Lavorato consolidated the appeals.

Donald challenges the amount of the district court's award of child support. Sally contends the district court erred in ordering the support payments to commence on August 1, 1991. She also contends the district court erred in assigning her half of the transportation expenses. Finally, Sally requests district court and appellate attorney fees.

■ In this equity action, our review is de novo. Iowa R.App.P. 4. We have a duty to examine the entire record and adjudicate anew rights on the issues properly presented. *In re Marriage of Steenhoek,* 305 N.W.2d 448, 452 (Iowa 1981). We give weight to the fact findings of the trial court, especially when considering the credibility of witnesses, but are not bound by them. Iowa R.App.P. 14(f)(7).

I. *Child Support.* Donald argues substantial injustice would result from the district court's application of the Uniform Child Support Guidelines. In the alternative, he argues the court should factor in Sally's average earning capacity if the guidelines are applied.

A. Application of the Guidelines. Donald first contends the district court erred in following the guidelines.

"There is a rebuttable presumption that the amount of child support which would result from the application of the guidelines ... is the correct amount of child support to be awarded." *In re Marriage of Bergfeld,* 465 N.W.2d 865, 869 (1991). The supreme court has directed "[t]he court shall not vary from the amount of child support which should result from application of the guidelines without a written finding that the guidelines would be unjust or inappropriate." *In re Marriage of Hansen,* 465 N.W.2d 906, 910 (Iowa App. 1990). *See* Iowa Code § 598.21(4)(b) (1991).

■ Donald has the burden of proving the application of the guidelines would be

unjust or inappropriate. In *In re Marriage of Bergfeld*, the court recognized several factors under which it would be unjust and inappropriate to apply the guidelines:

(1) Substantial injustice would result to the payor, payee, or child;

(2) Adjustments are necessary to provide for the needs of the child and to do justice between the parties, payor, or payee under the special circumstances of the case; and

(3) Circumstances contemplated in Iowa Code section 234.39 [(regarding foster care)].

465 N.W.2d at 869.

■ Donald first contends the fact he supported the children for five years without receiving any child support and the fact Sally received a substantial property settlement seven years ago demonstrate an application of the guidelines would be unjust.

■ We agree Donald bargained away his right to receive child support and perhaps the district court should not have approved of this agreement in light of the children's best interests. Any agreement to waive a former spouse's child support obligation should be enforced only to the extent it is in the best interests of the child. *Webb v. Iowa Dist. Court*, 416 N.W.2d 95, 98 (Iowa App.1987). However, the fact that Sally was not required to pay child support while Donald had custody of the children does not mitigate Donald's financial responsibility towards his children. Both parents have a legal obligation to support their children, not necessarily equally, but in accordance with his or her ability to pay. *Iowa Dep't of Human Servs. ex rel. Gonzales v. Gable*, 474 N.W.2d 581, 583 (Iowa App.1991).

■ Also, in *In re Marriage of Blume*, we held an award made as part of a property settlement may be considered as in evaluating a child support obligation. 473 N.W.2d 629, 633 (Iowa App.1991). However, here, the property settlement was awarded some seven years ago and is far too remote in time to the current situation to be given much weight in evaluating the present child support obligation.

■ Donald also contends Sally's present financial situation and the fact she has voluntarily withdrawn herself from the job market make the application of the guidelines unjust. While the income of Sally's husband, the children's stepfather, is relevant to the extent it affects Sally's overall financial condition, he is only obligated to support his stepchildren to the extent their living in his home may have increased the cost of the their maintenance by reason of the higher living standard to which they have become adjusted in his home. *In re Marriage of Linberg*, 462 N.W.2d 698, 701 (Iowa App.1990). We do not find the children, by moving in with Sally and her husband, are experiencing a higher standard of living. The fact that Sally's new husband has a comfortable salary of over $52,000 per year does not warrant a variance from the guidelines.

■ Similarly, we are not convinced the fact that Sally has voluntarily withdrawn herself from the job market renders application of the guidelines unjust and inappropriate. During Donald and Sally's marriage, Sally chose to stay at home with the children absent any objections from Donald. Now, during her second marriage, Sally has chosen to continue to remain at home with the children. The record suggests her absence from the home would require additional expenses for child care. While Sally might be able to work outside the home, she probably could only contribute minimally to the support of her children. We respect Sally's choice and will not penalize her for making that choice. *See In re Marriage of Beeh*, 214 N.W.2d 170, 174 (Iowa 1974); *In re Deierling*, 421 N.W.2d 168, 171 (Iowa App.1988).

Finally, Donald suggests the guidelines should not be applied because Sally, at trial, testified her expenses would only be increased about $200 by adding the children to her household. Sally testified this

estimate did not include expenses for new clothes, lessons, camps and other child-related expenses. We do not find this estimate of Sally's to be controlling. Furthermore, we do not agree Donald's figure of $438, the amount by which his expenses decreased when the children moved in with Sally, is controlling.

In formulating the guidelines, the supreme court considered the expenses of raising the children. The court undertook to balance the needs of children against the legitimate needs and expenses of the payor parent. *State ex rel. Dep't of Human Servs. v. Burt*, 469 N.W.2d 669, 670 (Iowa 1991). We find the application of the guidelines would better provide for the needs of the children than would the $200 to $438 per month as recommended per Donald.

We agree with the district court's conclusion that Donald has failed to demonstrate the application of the guidelines would be unjust or inappropriate.

■ B. Including Sally's "Average Earning Capacity." Donald next contends, if the guidelines are applied, the court should factor in an average earning capacity for Sally. He asserts the court should use a figure of at least $12,000 per year, which was about what her income was in 1987 before she left the job market.

■ In setting an award of child support, it is appropriate to consider the earning capacity of the parents. *In re Marriage of Drury*, 475 N.W.2d 668, 672 (Iowa App.1991). However, before using earning capacity rather than actual earnings, a court must make a finding that, if actual earnings were used, substantial injustice would result or that adjustments would be necessary to provide for the needs of the child and to do justice between the parties. *Iowa Dep't of Human Servs. ex rel. Gonzales v. Gable*, 474 N.W.2d 581, 582–83 (Iowa App.1991). *See In re Marriage of Bergfeld*, 465 N.W.2d 865, 870 (Iowa 1991). Here, we have made no such finding.

Again, we respect Sally's decision to remain at home. *See In re Marriage of Beeh*, 214 N.W.2d 170, 174 (Iowa 1974); *In re Deierling*, 421 N.W.2d 168, 171 (Iowa App.1988). We will not rely upon Sally's "average earning capacity" for application of the guidelines.

■ II. *Date on which Donald's Child Support Commences.* In her cross-appeal, Sally contends the district court abused its discretion in ordering child support payments to commence on August 1, 1991, instead of the date she filed her modification action, March 1, 1991 or the date on which she and Donald had previously agreed, June 1, 1991.

■ The trial court has the discretion to decide if child support payments will begin from the petition filing date or from the date of the modification order. *In re Marriage of Stanley*, 411 N.W.2d 698, 702 (Iowa App.1987). Here, the modification order was dated August 26, 1991 and the court ordered support payments to begin August 1, 1991. We find no abuse of discretion and affirm the district court.

■ III. *Transportation Expenses.* Sally also contends the district court erred, in its modification order, by assigning her one-half of the transportation expenses for the children's visitation with Donald. She argues it was not equitable because, when she was the non-custodial parent, she was assigned all transportation expenses. She contends it is now "Don's turn" to pay those expenses.

■ The trial court has reasonable discretion in determining whether modification is warranted and that discretion will not be disturbed on appeal unless there is a failure to do equity. *In re Marriage of Stanley*, 411 N.W.2d 698, 700 (Iowa App. 1987) (citing *In re Marriage of Vetternack*, 334 N.W.2d 761, 762 (Iowa 1983)).

While Sally was assigned all transportation expenses as a non-custodial parent, she was not responsible for any child support.

Now, Don is responsible for child support under the guidelines, as well as one-half of the transportation expenses. We find the trial court's provision which split the transportation expenses was fair and equitable, and was not an abuse of discretion. We affirm the district court.

IV. *Attorney Fees.* Sally next contends the district court erred in failing to award her reasonable attorney fees. She also requests appellate attorney fees.

 A. District Court Attorney Fees. In the district court's modification order, the court ordered each party to pay his or her own attorney fees. Iowa trial courts have considerable discretion in awarding attorney fees. *In re Marriage of Giles*, 338 N.W.2d 544, 546 (Iowa App. 1983). To overturn an award the complaining party must show that the trial court abused its discretion. *Id.* Awards of attorney fees must be for fair and reasonable amounts, *In re Marriage of Willcoxson*, 250 N.W.2d 425, 427 (Iowa 1977), and based on the parties' respective abilities to pay. *In re Marriage of Lattig*, 318 N.W.2d 811, 817 (Iowa App.1982). We do not find an abuse of discretion and affirm the district court's order regarding attorney fees.

 B. Appellate Attorney Fees. Sally also requests appellate attorney fees. An award of attorney fees is not a matter of right, but rests within the court's discretion and the parties' financial positions. *In re Marriage of Kern*, 408 N.W.2d 387, 390 (Iowa App.1987). We are to consider the needs of the party making the request, the ability of the other party to pay, and whether the party making the request was obligated to defend the trial court's decision on appeal. *In re Marriage of Castle*, 312 N.W.2d 147, 150 (Iowa App.1981). We deny Sally's request for attorney fees.

The costs of this appeal are taxed one-half to Donald and one-half to Sally.

For all the reasons stated, we affirm the district court.

AFFIRMED.