In re the **MARRIAGE OF Diane L. KUNKEL and Daryl G. Kunkel,**

**Upon the Petition of**

**Diane L. Kunkel, Petitioner–Appellant,**

**and Concerning**

**Daryl G. Kunkel, Respondent–Appellee.**

**No. 95–635.**

Court of Appeals of Iowa.

Feb. 28, 1996.

Richard L. Boresi of King, Smith & Boresi, Cedar Rapids, for appellant.

Robert L. Sudmeier of Fuerste, Carew, Coyle, Juergens & Sudmeier, P.C., Dubuque, for appellee.

Considered by SACKETT, P.J., and HABHAB and CADY, JJ.

SACKETT, Presiding Justice.

In this appeal from a decree dissolving a long-term marriage, petitioner-appellant Diane L. Kunkel contends the trial court did not make the correct award of physical care and the property award was not equitable. We affirm.

Diane and respondent-appellee Daryl G. Kunkel, both born in 1959, were married in 1979. They have three children, Kara born in 1980; Kody born in 1982; and Katie born in 1992. They both have been hard-working people and loving and caring parents.

■ Our review is de novo. Iowa R.App.P. 4; *In re Marriage of Vrban*, 359 N.W.2d 420, 423 (Iowa 1984). This court must examine the entire record and adjudicate anew the issues properly presented. *In re Marriage of Bonnette*, 492 N.W.2d 717, 720 (Iowa App.1992). We give weight to the fact findings of the trial court, especially when considering the credibility of witnesses, but are not bound by them. Iowa R.App.P. 14(f)(7).

The trial court awarded physical care of the three children to Daryl. Unfortunately, the record focuses on the negative qualities of each parent. Our review convinces us both Diane and Daryl love their children and will be adequate single parents. We also recognize their decision to divorce has created a strain for the children, has put the children in the middle of the disagreement, and will have a long-term effect on the children's mental health.

We cannot, however, disagree with the decision as to physical care made by the trial court, either as to the placement of the three children in Daryl's physical care or in rejecting Diane's second argument the younger child, Katie, should be in her physical care even if the older children are with their father.

■ We recognize Diane was the primary care giver of the children in the marriage, but we also recognize Daryl, though employed outside the home, had substantial influence in their upbringing. The fact a parent was the primary caretaker prior to separation does not assure he or she will be the custodial parent. *See In re Marriage of Toedter*, 473 N.W.2d 233, 234 (Iowa App.1991) (physical care with father affirmed despite mother's role as primary caretaker); *Neubauer v. Newcomb*, 423 N.W.2d 26, 27–28 (Iowa App.1988) (custody of a child who had been in mother's primary care for most of life awarded to father).

■ At the onset of this dissolution, Diane sought relief complaining she had been subject to physical abuse at Daryl's hand. The trial judge found the filing of Diane's petition for relief from domestic abuse and application for a temporary injunction filed contemporaneously with the filing of the petition for dissolution of marriage ill-advised. Diane had claimed a number of instances when she was allegedly abused by Daryl. The trial court found many of these alleged instances were to have occurred in the children's presence, but the children deny their father ever physically abused their mother. The trial court found Diane's allegations of physical abuse for the most part false and created by her to manipulate family and public opinion of Daryl.

At the beginning of the situation, Diane engaged in an affair and Daryl told the children about the relationship and, to convince them it was true, took them to see a meeting between Diane and her boyfriend. When Kara talked to her mother about the affair, Diane told Kara that Daryl has physically abused her. To convince Kara, Diane showed her affidavits in support of the al-

leged abuse from friends in whom Diane had confided.

Kara, knowing there was no abuse in her presence and feeling it was not true, did not believe her mother but supported her father's attempt to obtain physical care of the three children.

■ The trial court made the decision on primary care, finding Daryl could better provide for the children over the long term and is more honest and open in his relationships with others and will be a better role model. The court also found him better able to exercise discipline. The critical issue is which parent will do the better job of raising the children over the long term. *See In re Marriage of Weidner,* 338 N.W.2d 351, 359 (Iowa 1983); *In re Marriage of Winter,* 223 N.W.2d 165, 166–67 (Iowa 1974); *In re Marriage of Ullerich,* 367 N.W.2d 297, 299 (Iowa App. 1985). The parent who has the ability to do the better job of raising the child or children during their minority is the parent who should be granted custody. *See Vrban,* 359 N.W.2d at 424.

We find no reason to disturb the trial court's decision on this issue.

Diane also contends the division of property was not equitable nor was the allocation of two tax exemptions to Daryl. She contends the net result of the property division was Daryl received equities of $173,406 and she received equities of $212,117. Daryl agrees with these values and contends the difference is justified because of property he brought into the marriage, and though he contends

equity would dictate he should have a larger share, he will accept the result. *See In re Marriage of Russell,* 473 N.W.2d 244, 246 (Iowa App.1991). We find the property division equitable.

Daryl also contends the allocation of one dependency exemption to Diane was equitable and notes, in applying the child support guidelines, the trial court did not allocate any investment income to Diane. Dependency deductions are part of the child support determination. *In re Marriage of Anderson,* 509 N.W.2d 138, 144 (Iowa App.1993). We find no reason to disturb the trial court's allocation of dependency deductions.

■ Daryl requests $3500 attorney fees on appeal. An award of attorney fees is not a matter of right. *See In re Marriage of Kern,* 408 N.W.2d 387, 390 (Iowa App.1987). We are to consider the needs of the party making the request, the ability of the other party to pay, and whether the party making the request was obligated to defend the trial court's decision on appeal. *See In re Marriage of Castle,* 312 N.W.2d 147, 150 (Iowa App.1981). We award Daryl attorney fees in the amount of $500.

**AFFIRMED.**