Tracy Jean MOORE, Plaintiff–Appellee,

v.

Mark James KRIEGEL, Defendant–Appellant.

No. 95–403.

Court of Appeals of Iowa.

May 31, 1996.

Thomas A. Lacina and William D. Olson of Charnetski, Olson, Lacina, Pendleton & Garland, L.L.P., Grinnell, for appellant.

Lois J. Vroom of the Brierly Law Office, Newton, for appellee.

Heard by SACKETT, P.J., and CADY and STREIT, JJ, but decided en banc.

SACKETT, Presiding Judge.

Defendant-appellant Mark James Kriegel appeals a trial court's order modifying the support and visitation provisions of a custodial order concerning his daughter, Trisha, born March 10, 1989. Mark and Trisha's mother, plaintiff-appellee Tracy Jean Moore, never married. We reverse and dismiss.

In April 1991, on Tracy's petition to establish custody, Mark was awarded primary care of Trisha and Tracy was ordered to pay child support of $10 per week. In 1992, Mark filed the first petition to modify the decree to increase Tracy's support obligation and to modify the visitation provisions of the custodial order. Tracy answered the petition, but a problem developed concerning discovery. Mark requested certain documents which Tracy did not provide. There was court involvement. Tracy's lawyer withdrew and ultimately, on June 24, 1993, the trial court entered an order finding Tracy in default for failure to comply with discovery orders. The order changed visitation and provided Tracy pay $204.37 per month child support. At the time the modification order was entered, Tracy was unemployed, caring for her second child, and was receiving Aid to Dependent Families. The father of her second child was not identified; consequently, she received no child support for this child.

On September 29, 1993, Tracy filed a petition to vacate the default. Mark filed a motion to dismiss the petition to vacate, which was sustained on November 4, 1993.

No appeal was taken from this order. In December 1993, Tracy had her third child.

On January 26, 1994, Tracy filed the second petition to modify the custody order contending since the default order and modification on June 24, 1993, there had been a substantial and material change of circumstances. Mark subsequently filed two applications asking Tracy be held in contempt. The three matters were consolidated for trial.

First, the trial court refused to find Tracy in contempt. Secondly, the trial court found Tracy had met the necessary burden to modify in that she was not able to meet the support obligation of the June 24, 1993 order. Her child support was modified and set at $20 per week. Additionally, visitation was modified to provide, among other things, Tracy have mid-week visitation.

At the time of the modification hearing on the second petition, Tracy had given up full-time employment to be home with her children. She lived with the father of her third child. Tracy received $360 per month in Aid to Dependent Families for her second child. Mark was married and was employed at $11.80 per hour. His wife was also employed outside the home and provides health care coverage for Trisha. They have a child of their own.

Mark contends the trial court in essence relitigated the default order modifying the decree. He contends in the default order the trial court properly considered Tracy's ability to earn. Mark contends, in the order appealed from, the trial court improperly considered the fact Tracy was receiving Aid to Dependent Families and had two other children to support in fixing her child support obligation. He also contends the trial court did not render a gender-neutral decision.

Modification of the custody decree is justified only if there has been some material and substantial change in the circumstances of the parties, financially or otherwise, making it equitable that other terms be imposed. *Thayer v. Thayer,* 286 N.W.2d 222, 223 (Iowa App.1979). The burden rests on the party seeking modification to establish such a change of circumstances by a prepon-

derance of the evidence. *Mears v. Mears,* 213 N.W.2d 511, 513 (Iowa 1973); *Thayer,* 286 N.W.2d at 223. Circumstances that have changed must be those that were not within contemplation of the trial court when the original decree was entered. *In re Marriage of Full,* 255 N.W.2d 153, 159 (Iowa 1977). Such changes must be more or less permanent or continuous, not temporary. *In re Marriage of Carlson,* 338 N.W.2d 136, 141 (Iowa 1983).

■ The knowledge of the trial court at the time the award is made is the basis for determining whether there has been a change of circumstances. *Full,* 255 N.W.2d at 159; *Leo v. Leo,* 213 N.W.2d 495, 496 (Iowa 1973). The original decree is entered with a view to reasonable and ordinary changes that may be likely to occur in the relations of the parties. *Mears,* 213 N.W.2d at 514.

In looking at child support, the court in *In re Marriage of Wahlert,* 400 N.W.2d 557 (Iowa 1987), stated:

Current inability has become less a consideration and long-range capacity to earn money has become more of a consideration; and ... any voluntariness in diminished earning capacity has become increasingly an impediment to modification.

*Id.* at 560.

■ The only change in circumstances we find since the modification occurred is Tracy had a third child. While the 1995 Iowa Child Support Guidelines make provisions for other children through what they call a qualified additional dependent deduction, the guidelines also provide the qualified additional dependent deduction cannot be used in the modification of existing orders to effect the threshold determination of eligibility for a downward modification of an existing order. Consequently, the fact Tracy had an additional child does not support modification. The fact a parent has additional children does not negate his or her obligation to earlier children. *See In re Marriage of Ladely,* 469 N.W.2d 663, 665 (Iowa 1991).

■ Tracy has been gainfully employed and her ability to find employment has not changed. We recognize she wishes to stay at home with the two children, collect Aid to Dependent Families for one child, and rely on her third child's father to supply her monetary support.

■ In setting an award of child support, it is appropriate to consider the earning capacity of the parents. *In re Marriage of Drury,* 475 N.W.2d 668, 672 (Iowa App.1991). However, before using earning capacity rather than actual earnings, a court must make a finding that, if actual earnings were used, substantial injustice would result or adjustments would be necessary to provide for the needs of the child and to do justice between the parties. *Iowa Dep't of Human Servs. ex rel. Gonzales v. Gable,* 474 N.W.2d 581, 582–83 (Iowa App.1991); *see In re Marriage of Bergfeld,* 465 N.W.2d 865, 870 (Iowa 1991).

■ Both parents have a legal obligation to support their children, not necessarily equally but in accordance with his or her ability to pay. *See In re Marriage of Craig,* 462 N.W.2d 692, 693 (Iowa App.1990); *In re Marriage of Byall,* 353 N.W.2d 103, 108 (Iowa App.1984). Both father and mother have a duty to support. *Id.* Support may also be based on a payor's earning capacity rather than just his or her actual earnings. *See In re Marriage of Wegner,* 434 N.W.2d 397, 399 (Iowa 1988); *In re Marriage of Scherrman,* 447 N.W.2d 564, 566 (Iowa App. 1989).

■ While we respect a parent's wish to remain at home with his or her children, we cannot look at this fact in isolation in determining earning capacity. *See In re Marriage of Beeh,* 214 N.W.2d 170, 174 (Iowa 1974); *In re Deierling,* 421 N.W.2d 168, 171 (Iowa App.1988). We reject any suggestion in *In re Marriage of Bonnette,* 492 N.W.2d 717 (Iowa App.1992), to the contrary.

Mark also claims visitation provisions in the decree should not have been modified. Tracy has failed to show the necessary change of circumstances to support this modification.

Tracy has failed to show a substantial change of circumstances necessary to modify the June 24, 1993 order. The order should not have been modified. We reverse the trial court and dismiss Tracy's petition to modify in its entirety.

REVERSED AND DISMISSED.

VOGEL, J., takes no part.