# IN THE COURT OF APPEALS OF IOWA

No. 19-1132
Filed March 4, 2020

**JASON HEUSINKVELD,**
Plaintiff-Appellant,

**vs.**

**KIMBERLY SCHLECHT,**
Defendant-Appellee.
_____

Appeal from the Iowa District Court for Clinton County, Marlita A. Greve,

Judge.

A father appeals the dismissal of his petition to modify a custody order.

**AFFIRMED.**

JohnPatrick Brown of Winstein, Kavensky & Cunningham, LLC, Rock

Island, Illinois, for appellant.

Maria K. Pauly of Maria K. Pauly Law Firm, P.C., Davenport, for appellee.

Considered by Tabor, P.J., and Mullins and Schumacher, JJ.

**SCHUMACHER, Judge.**

A father appeals from a district court ruling dismissing his petition for modification of custody. We affirm the trial court's ruling.

**Background Facts and Proceedings**

Jason Heusinkveld and Kimberly Schlecht are the parents of a minor child, K.H., who was five years old at the time of trial. The parties have never been married. K.H. has resided with Kimberly and his maternal grandparents in Clinton, Iowa since his birth. Jason moved to Maquoketa in 2015, which is approximately forty miles from Clinton. On November 2, 2016, Jason filed a petition to establish joint legal custody and visitation. Following trial, the court filed an order establishing paternity, granting Jason and Kimberly joint legal custody, and awarding Kimberly physical care. Jason was awarded liberal visitation, including a midweek visit, alternating weekends, two weeks of summer vacation, and alternating holidays. In November 2017, Jason moved to Clinton. He resides with his parents. Jason's girlfriend also resides in that home. Since 2017, Kimberly has worked as a certified nursing assistant. In that time, Jason has held several jobs.

Approximately a year after the entry of the original order, Jason filed a petition to modify. He amended his petition on December 18, 2018. The amended petition was captioned "Amended Application For Modification of Visitation." The body of the petition, however, requested joint physical care. Jason's attorney clarified at trial that Jason was seeking a shared physical care arrangement, stating, "And I do understand that what we are requesting in our application does in fact amount to a change in custody to a shared care arrangement, and we are

relying on the fact that we have to prove a substantial change in circumstances."[1] In the amended petition, Jason premised his request for shared physical care on his new residence in relation to Kimberly's residence, his stable employment, and regular payments of child support for K.H. Kimberly moved to dismiss the petition on May 9, 2019. The motion to dismiss was held in conjunction with trial on the modification petition. Following trial, the court granted the motion to dismiss, determining there was "no material and substantial change in circumstances warranting a change in physical custody that was no[t] contemplated by the original decree."[2] Jason filed a notice of appeal.

**Standard of Review**

"Petitions to modify the physical care provisions of a divorce decree lie in equity." *In re Marriage of Hoffman*, 867 N.W.2d 26, 32 (Iowa 2015). "Thus, we review the district court's decision de novo." *In re Marriage of Harris*, 877 N.W.2d 434, 440 (Iowa 2016). "We give weight to the findings of the district court, particularly concerning the credibility of witnesses; however, those findings are not binding upon us." *In re Marriage of McDermott*, 827 N.W.2d 671, 676 (Iowa 2013).

**Discussion**

On appeal, Jason asks us to overturn the district court's ruling. Based on our de novo review of the record, we affirm the district court.

---

[1] Counsel for Jason further clarified the issue in briefing, indicating that the combined certificate mistakenly indicated this was an action for visitation modification rather than custody.

[2] Jason did not testify as to any requested modifications to his visitation schedule.

## I.      Modification of Custody

A heavy burden rests on the proponent of a modification to custodial provisions.

> To change a custodial provision of a dissolution decree, the applying party must establish by a preponderance of evidence that conditions since the decree was entered have so materially and substantially changed that the children's best interests make it expedient to make the requested change.  The changed circumstances must not have been contemplated by the court when the decree was entered, and they must be more or less permanent, not temporary.  They must relate to the welfare of the children.  A parent seeking to take custody from the other must prove an ability to minister more effectively to the children's well being.  The heavy burden upon a party seeking to modify custody stems from the principle that once custody of children has been fixed it should be disturbed only for the most cogent reasons.

In re Marriage of Frederici, 338 N.W.2d 156, 158 (Iowa 1983).

"[T]he burden to show a substantial change of circumstances rests upon the applicant."  In re Marriage of Feustel, 467 N.W.2d 261, 265 (Iowa 1991).  "Prior cases have little precedential value," and "we must base our decision primarily on the particular circumstances of the parties" presently before us.  In re Marriage of Weidner, 338 N.W.2d 351, 356 (Iowa 1983).  We give weight to the trial court's findings of fact, but we are not bound by them.  Iowa R. App. P. 6.904(3)(g).

Courts are empowered to modify the custodial terms of a dissolution decree only when there has been a substantial change in circumstances since the time of the decree not contemplated by the court when the decree was entered, the change was more or less permanent, and it related to the welfare of the child.  See Frederici, 338 N.W.2d at 158; Dale v. Pearson, 555 N.W.2d 243, 245 (Iowa Ct. App. 1996).  A parent seeking to change the physical care from the custodial parent to the petitioning parent has a heavy burden and must show the ability to offer

superior care.[3]  *See In re Marriage of Mikelson*, 299 N.W.2d 670, 671 (Iowa 1980); *In re Marriage of Mayfield*, 577 N.W.2d 872, 873 (Iowa Ct. App. 1998).  "The controlling consideration in child custody cases is always what is in the best interests of the children."  *In re Marriage of Swenka*, 576 N.W.2d 615, 616 (Iowa Ct. App. 1998).

As the party seeking modification, Jason has the heavy burden of proving by a preponderance of the evidence that "conditions since the decree was entered have so materially and substantially changed that the children's best interests make it expedient to make the requested change."  *See Hoffman*, 867 N.W.2d at 32 (quoting *Frederici*, 338 N.W.2d at 158).

In support of his claim that circumstances have materially and substantially changed warranting a custody modification, Jason's testimony highlights the following: his recent move from Maquoketa to Clinton, his current employment, his continued child support payments, and improved communication between Jason and Kimberly.

Jason's November 2017 move from Maquoketa to Clinton appears central to his plea for modification.  The move results in Jason living approximately five minutes away from Kimberly's home.  While the move to Clinton is undoubtedly more convenient, we agree with the district court that Jason's move to Clinton is not a substantial change in circumstances warranting modification of custody.

---

[3] We have previously held that a parent seeking modification of a custodial order and requesting joint physical care rather than sole physical care bears the same burden of a parent seeking a modification of sole physical care.  *In re Marriage of Davis*, No. 02-0314, 2002 WL 31641272, at *2 (Iowa Ct. App. Nov. 25, 2002).

Jason argues, and we agree, that the instant modification differs from much of our prior case law concerning changes in residences of parents. Jason's move to Clinton shrank, rather than expanded, the distance between the child's parents. *See id.* at 28–29 (finding the custodial parent's move of approximately seventy miles was not a substantial change in circumstances); *In re Marriage of Schau*, No. 00-1854, 2001 WL 710230, at *2 (Iowa Ct. App. June 13, 2001) (holding the mother's move of approximately forty-five miles was not a substantial change in circumstances warranting the grant of the father's petition to modify the dissolution decree). However, a residence of a parent is only one of the considerations for a trial court in a modification action and, like the trial court, we do not find that a move of forty miles by the noncustodial parent meets the heavy burden to modify custody.

We consider as well the other changes, in conjunction with the move, that Jason cites as sufficient to warrant modification of custody. Based on our review of the record, we conclude these additional considerations also do not meet the heavy burden required in a custody modification action.

Jason testified at the 2019 hearing that communication between Kimberly and Jason has improved, however, some difficulties in communicating remained. In the court's 2017 order concerning Jason's original petition, the district court noted Jason and Kimberly did not "effectively communicate for the benefit of [their child]." In 2019, Jason testified that communication difficulties occur regarding his requests for additional time with K.H. Notably, Jason also testified that Kimberly provided extra time to Jason with K.H. approximately twice per month when requested by Jason. We find the limited improvement in the parents'

communication and Kimberly's flexibility in allowing additional visitation commendable. However, we do not find such sufficient to warrant a change in the current custodial arrangement.

Jason also supports his request for modification by noting his regular child support payments and his stable employment. We do not find regular payment of previously ordered child support payments to be a significant consideration in meeting the heavy burden in a modification of custody action.[4] In addition, while Jason's employment was consistent for several months prior to the hearing, his employment history since the entry of the original order has been marked by frequent changes. His most recent employment started after his amended petition for modification was filed. When questioned at the hearing, Jason agreed that he has had frequent employment changes. We agree with the trial court's characterization of Jason's employment situation as unstable.

Lastly, the record is void of any evidence as to what effect the proposed change would have on K.H. or how the proposed change in custody would be in the child's best interest, a critical factor in the equation for a modification action. Jason's minor change in location, the parents' improved communication, Jason's employment, and payment of court-ordered child support do not rise to the level of material and substantial changes since the entry of the original order not contemplated by the trial court that would warrant a modification of custody. Importantly, Jason failed to provide evidence that such proposed change would be

---

[4] Both the father and the mother have a duty to financially support the child. *Moore v. Kriegel*, 551 N.W.2d 887, 889 (Iowa Ct. App. 1996).

in the best interest of K.H. After considering the limited change in circumstances Jason has highlighted, we conclude Jason has not met his high burden to warrant a custody modification, including a demonstration that such is in K.H.'s best interest. Accordingly, we affirm the district court's dismissal of Jason's petition to modify custody.

## II. Appellate Attorney Fees

Kimberly requests that this court award her appellate attorney fees. An award of appellate attorney's fees is not a matter of right but rests within the discretion of the court. *In re Marriage of Benson*, 545 N.W.2d 252, 258 (Iowa 1996). In exercising such discretion, "we consider the needs of the party making the request, the ability of the other party to pay, and whether the party making the request was obligated to defend the trial court's decision on appeal." *In re Marriage of Gaer*, 476 N.W.2d 324, 330 (Iowa 1991). Although Jason was unsuccessful below and Kimberly was required to defend a trial court decision on appeal, we decline to award appellate attorney fees in the instant case after examining each party's financial position. We assess costs on appeal to Jason.

## Conclusion

We do not find the limited changes in circumstances to be substantial and material to warrant modification of custody, nor do we find evidence that the proposed change would be in the child's best interest. We therefore affirm the district court's decision granting Kimberly's motion to dismiss the petition for modification. We decline to award appellate attorney fees. We assess costs on appeal to Jason.

**AFFIRMED.**