In re the MARRIAGE OF Marcia GLASS and Kenneth E. Glass II upon the Petition of Marcia Glass, Appellant,

and concerning Kenneth E. Glass II, Appellee.

No. 56289.

Supreme Court of Iowa.

Dec. 19, 1973.

———◆———

Herrick, Langdon, Belin & Harris, Des Moines, for appellant.

August H. Luthens, Des Moines, for appellee.

Heard before MOORE, C. J., and MASON, RAWLINGS, REES and McCORMICK, JJ.

McCORMICK, Justice.

Petitioner Marcia Glass appeals trial court's order modifying a dissolution decree to give respondent Kenneth E. Glass II specific visitation rights with their minor son, Brian, and refusing to increase Kenneth's alimony and child support obligations. We modify the order as to visitation rights, affirm it as to the alimony and child support obligations, and remand.

The marriage of the parties was dissolved in Polk County by decree entered April 27, 1971. Marcia received custody of Brian, then age 4, subject to Kenneth's right to visit him at reasonable times. Kenneth was ordered to pay Marcia $15 per week child support and $10 per week alimony. At the time of the dissolution the parties lived in Polk County.

Marcia moved with Brian to San Diego, California, in July 1972 without advance notice to Kenneth. She wrote him July 23, 1972, from California asserting she moved for economic reasons and because doctors had advised a milder climate for Brian. On

November 28, 1972, Kenneth filed an application for modification of the decree requesting specific visitation rights. In her answer Marcia resisted his application and cross-petitioned for an increase in alimony and child support.

Hearing was held March 19, 1973. Kenneth testified that from the time of the dissolution until Marcia moved to California he visited Brian at least one day a week and occasionally kept him overnight. After Marcia left he was unable to obtain her telephone number which was unlisted. His only direct contact with Brian was a telephone call from him at Christmas. He said he wished to have Brian with him in Iowa for visits and to be able to call him on the telephone at other times.

At the time of the dissolution Kenneth was a student at Drake University and not employed. Alimony and child support were based upon earnings he was expected to receive starting May 24, 1971. At the time of the modification hearing he was still a student. Although he expected to graduate in May 1973 and seek employment as a physical education teacher, he was working part-time at the same job he obtained in May 1971, making $2.50 per hour for 25 to 30 hours work a week. He was remarried and had a stepson.

Marcia's testimony was submitted by deposition upon written interrogatories. She said Brian had colds and bronchitis before leaving Iowa but had no problems in San Diego. She left a job paying $300 monthly when she moved and was unemployed in San Diego but hoped to find part-time work and attend school to improve her earning capacity. Marcia said she and Brian would continue to reside in San Diego. Her parents live there. She opposed Brian being sent to Iowa to visit his father and any telephone calls from the father. She listed her income and expenses, showing a deficit which she made up from savings.

Trial court's subsequent order provided in material part:

(1) *Visitation.* Kenneth was given the right to have Brian with him four weeks each summer and one week during the Christmas season every alternate year. Child support was waived during such periods. Brian's transportation expense to and from Kenneth's residence was to be shared equally by the parties. An adult was to accompany Brian each way until his eighth birthday at Kenneth's expense. Kenneth was permitted bi-weekly telephone calls to Brian at his own expense.

(2) *Alimony and child support.* Marcia's request for increased alimony and child support was denied.

Marcia's appeal challenges the provisions for summer and Christmas visitations, the requirement that she pay one-half Brian's travel expense, the provisions for bi-weekly phone calls from Kenneth to Brian, and trial court's refusal to increase alimony and child support.

■ I. *Visitation rights.* To justify a modification of visitation rights there must be demonstrated a change of circumstances since the dissolution decree, but such change may be much less extensive than would be necessary to obtain custody. Donovan v. Donovan, 212 N.W.2d 451 (Iowa 1973) ("the best interest of a child ordinarily requires continuing association with his noncustodial parent unless the contrary is clearly shown"). Without question removal of the child from Iowa to California was a sufficient change of circumstances to require modification of the decree in this case. Green v. Sherman, 173 N.W.2d 843 (Iowa 1970).

■ We believe trial court's order must be upheld insofar as it permits Kenneth to have Brian with him four weeks each summer and allows him bi-weekly phone calls to his son. However, we disapprove its provisions for alternate year Christmas visitations in Iowa, waiver of child support during visitation periods, and assessment of one-half of Brian's transportation expense to Marcia.

At his present age and for the next few years we believe it would be unduly disruptive of Brian's life to take him from California to Iowa for one week at Christmas. He is still quite young; the time is short; the journey is long; and the weather may present a hazard. When he is a few years older that visitation provision may well be appropriate but for the present and near future it is not.

The waiver of child support during visitations fails to take into account the continuing nature of most of the mother's normal household expenses even while Brian is absent. See Pucci v. Pucci, 259 Iowa 427, 431–432, 143 N.W.2d 353, 357 (1966). And the requirement that Marcia share Brian's transportation expense overlooks Kenneth's offer at the hearing to pay that expense, and it imposes an unreasonable economic burden on her in the circumstances.

Kenneth should be permitted visitation with Brian at reasonable times in California. The disapproved provisions of the order should be stricken. Kenneth should be charged with all of Brian's visitation transportation expense. With these modifications trial court's order as to visitations is affirmed.

 II. *Alimony and child support.* Modification of alimony and child support awards is proper only when there has been a material and substantial change in the circumstances of the parties making it equitable that different terms be fixed. "A decree will not be modified unless its enforcement will be attended by positive wrong or injustice as a result of the changed conditions. Modification should be based upon a change of circumstances more or less permanent or continuous, not temporary, and where a change of financial condition of one or both of the parties is relied upon, it must be substantial." Spaulding v. Spaulding, 204 N.W.2d 634, 635 (Iowa 1973).

Kenneth's income at the time of the modification hearing was about the same as in May 1971, and since his alimony and child support obligations were based upon that income, there has been no material change in his financial situation. Although Marcia was unemployed at the time she answered the interrogatories, she had voluntarily relinquished the position she held when the decree was entered and, in view of her employment plans, her unemployed status could not be called "more or less permanent or continuous, not temporary."

Trial court was right in refusing Marcia's request for an increase in alimony and child support.

The case is affirmed in part, modified in part, and remanded for an order in conformance with such modification.

Affirmed in part, modified in part, and remanded.