In re the MARRIAGE OF Christopher William KERBER and Christy Jean Kerber.

Upon the Petition of

Christopher William Kerber, Petitioner–Appellant,

And Concerning Christy Jean Kerber, Respondent–Appellee.

No. 87–1780.

Court of Appeals of Iowa.

Sept. 28, 1988.

Patrick F. Curran of Vinyard & Curran, Ottumwa, for petitioner-appellant.

Garold F. Heslinga of Heslinga, Heslinga, Dixon & Grotewold, Oskaloosa, for respondent-appellee.

Considered by OXBERGER, C.J., and DONIELSON and SCHLEGEL, JJ.

OXBERGER, Chief Judge.

Christopher Kerber appeals two provisions of a dissolution decree: first, the trial court's denial of overnight visitation privileges with the parties' two-year-old son until he reaches age six; and, second, the trial court's award to the wife of claiming the child as an income tax deduction. Our review is de novo. We affirm the trial court's ruling as modified below.

Christopher and Christy Kerber were married in 1984. They are the parents of one child, Eric. Eric was born in November of 1985. Christopher and Christy were separated in July 1987 at which time Eric remained with his mother. An order for temporary visitation was filed August 11, 1987, which allowed Christopher overnight visitation every other weekend. On December 8, 1987, the dissolution decree in this matter denied Christopher further overnight visitation until Eric reaches age six. The decree provided for visitation to be limited to alternate Sunday afternoons between 3:00 and 6:00 o'clock. Further, it provided that Eric would visit his father during alternating major holidays. Holiday visitation would be from 9:00 a.m. to 6:00 p.m. on the holiday itself. The decree also allowed Christy to claim Eric as an income tax deduction.

## I. VISITATION RIGHTS

Liberal visitation rights are in the best interest of the child. *In re Marriage of Muell*, 408 N.W.2d 774, 777 (Iowa App. 1987). The court shall order liberal visitation rights, where appropriate, which will assure the child the opportunity for the maximum continuing physical and emotional contact with both parents. Iowa Code § 598.41(1) (1987).

The trial court said:

The father is entitled to a close association with his son. This must, however, be moderated by Eric's age. Eric is now just two years old. The parties have been separated since July. A child that young has a very short memory. Eric and his father are now virtual strangers.

We find nothing in the record to indicate that overnight visitation with Christopher has or would pose any problem. We do not believe that the child's age of two alone is a factor that limits parental visitation to daytime hours. We assume the father will use good judgment in establishing a relationship with Eric so that the overnight visitation will not be frightening to Eric.

We modify the decree to provide Christopher with visitation rights with Eric every other weekend beginning immediately. Visitation shall be Saturday at 10:00 a.m. until Sunday at 6:00 p.m. We further provide that the scheduled six-week summer visitation provided by the trial court shall begin in the summer of 1989. Except as modified, the trial court's decree is affirmed.

## II. INCOME TAX EXEMPTION

The trial court awarded Christy, the custodial parent, the income tax exemption for Eric. The general rule is that the custodial parent is allowed to claim the exemption. I.R.C. § 152(e)(1) (1988). The custodial parent is treated as having furnished over half of the child's support. *Id.*

There are three exceptions to the rule that a custodial parent is entitled to the dependency exemption: (1) when there is a multiple support agreement that allows the child to be claimed as a dependent by a taxpayer other than the custodial parent; (2) when the custodial parent releases his or her right to the child's dependency exemption to the noncustodial parent by executing IRS Form 8332; and (3) when a pre–1985 divorce decree or separation agreement between the parents grants the exemption to the noncustodial parent and the noncustodial parent provides at least $600 for the support of the support of the child for the year in question. I.R.C. § 152(e)(2), (3) and (4) (1988). The second exception, a release of the exemption by IRS written form, is the only exception which is possibly applicable in this instance. However, we do not find that Christy has signed an IRS form releasing the exemption to Christopher. Further, Christopher has not requested that Christy sign such a release, nor has he requested the court to order her to sign the release. We affirm the award of the exemption to Christy.

Each party will pay his or her own attorney's fees. Costs are taxed to the appellant.

AFFIRMED AS MODIFIED.