In re the MARRIAGE OF Kathryn Jo
DRURY and Jeffrey Lee Drury.

Upon the Petition of Kathryn Jo Drury,
Appellee/Cross–Appellant,

And Concerning Jeffrey Lee Drury,
Appellant/Cross–Appellee.

No. 90–445.

Court of Appeals of Iowa.

Aug. 27, 1991.

Mary K. Hoefer of Mears, Zimmermann & Mears, Iowa City, for appellant/cross-appellee.

Stephen B. Jackson, Cedar Rapids, for appellee/cross-appellant.

Considered by OXBERGER, C.J., and DONIELSON and HAYDEN, JJ.

DONIELSON, Judge.

Kathryn and Jeffrey Drury were married in 1987 in Central City, Iowa, when Jeffrey was twenty-one years old and Kathryn was seventeen. They have one child, a boy born in August 1987.

Jeffrey enlisted in the Marine Corps shortly after the marriage and was a member during most of the marriage. However, he received an honorable discharge from the Corps in 1989 for failure to comply with the weight limits. He presently resides in Taylorville, Illinois, and holds a part-time job as a nurse's aide. The district court found that he earns $3.75 per hour for an average work week of twenty-two and one-half hours; the court further found that his gross income is $370.00 per month and his net income is $290.00 per month.

Kathryn lives near Stanwood, Iowa, works in a motel and reports a gross income of about $400.00 per month.

The dissolution decree placed the parties' one child in joint legal custody and in Kathryn's primary physical care. The decree

also awarded Jeffrey visitation rights including two weeks in the summer and various weekends and holidays.

The district court initially directed Jeffrey to pay child support of $190.00 per month. However, in a later amendment, the district court reduced the amount of child support to $52.00 per month on the basis of amended findings about Jeffrey's income.

The parties had little property, and its division is not controverted. The district court directed Jeffrey to contribute $1,500.00 toward Kathryn's trial attorney's fees.

Jeffrey has appealed from the dissolution decree, as amended, and Kathryn has cross-appealed. Jeffrey contends the district court should have allowed him a longer period of summer visitation. He asks that the summer visitation be expanded from two weeks to eight weeks. Jeffrey also challenges the requirement that he contribute $1,500.00 toward Kathryn's trial attorney's fees.

In her cross-appeal, Kathryn contends her child support award is inadequate. She argues that Jeffrey's earning potential is much higher than his actual present income. She suggests the district court should have considered other factors concerning Jeffrey's earning potential, rather than merely applying the child support guidelines to his actual present income. Kathryn also requests attorney's fees on appeal.

I. *Visitation.* Jeffrey first argues the district court erred in limiting his summer visitation period to two weeks, thereby placing, in his view, an unreasonable restriction on his ability to develop a relationship with his son. He contends the district court's use of the child's young age as the sole articulated reason for the two-week limitation was inappropriate.

Our review of an action in equity is de novo. Iowa R.App.P. 4. While we are not bound by the findings of the district court, we do give weight to them, especially when considering the credibility of witnesses. Iowa R.App.P. 14(f)(7). A district court "is greatly helped in making a wise decision

about the parties by listening to them and watching them in person." *In re Marriage of Vrban,* 359 N.W.2d 420, 423 (1984) (citing *In re Marriage of Callahan,* 214 N.W.2d 133, 136 (1974)). We modify the district court's judgment by increasing the summer visitation period to four weeks.

In determining visitation rights the governing consideration is, as always, the best interest of the child. *Petition of Deierling,* 421 N.W.2d 168, 171 (Iowa App. 1988). Liberal visitation rights are in the best interest of the child. *In re Marriage of Kerber,* 433 N.W.2d 53, 54 (Iowa App. 1988), *In re Marriage of Muell,* 408 N.W.2d 774, 777 (Iowa App.1987). Iowa Code section 598.41(1) (1989) provides in pertinent part:

> The court, insofar as is reasonable and in the best interest of the child, shall order the custody award, including liberal visitation rights where appropriate, which will assure the child the opportunity for the maximum continuing physical and emotional contact with both parents after the parents have separated or dissolved the marriage, unless direct physical harm or significant emotional harm to the child, other children, or a parent is likely to result from such contact with one parent, and which will encourage parents to share the rights and responsibilities of raising the child.

In awarding Jeffrey two weeks of summer visitation, the district court's amended decree states "The child in this matter is extremely young, and the Court feels that the visitation rights as set forth are reasonable." Jeffrey contends the child's age is not a proper factor to be considered by the court in determining summer visitation terms. In support of this contention, Jeffrey cites *In re Marriage of Kerber,* 433 N.W.2d 53, 54 (Iowa App.1988).

In *Kerber,* we modified a decree which had limited parental visitation to daylight hours. *See id.* The district court had stated:

> The father is entitled to a close association with his son [Eric]. This must, however, be moderated by Eric's age. Eric

is now just two years old. The parties have been separated since July. A child that young has a very short memory. Eric and his father are now virtual strangers.

We held a child's age alone is not a factor properly used to limit parental visitation to daytime hours. *Id.*

■ Our holding in *Kerber* governs the first issue presented in the instant case. A limitation on the number of days is no different than a limitation on the time of day. The child's age alone is not an appropriate consideration for limiting a parent's summer visitation rights.

In support of the district court's reasoning, Kathryn cites *In re Marriage of Glass,* 213 N.W.2d 668, 671 (Iowa 1973). In *Glass,* the Iowa Supreme Court modified an alternate year, one week, Christmas visitation provision. *See id.* The court stated:

At his present age and for the next few years we believe it would be unduly disruptive of Brian's life to take him from California to Iowa for one week at Christmas. He is still quite young; the time is short; the journey is long; and the weather may present a hazard. When he is a few years older that visitation provision may well be appropriate but for the present and near future it is not.

■ The *Glass* case supports Kathryn's contention that the child's age is one of many appropriate factors to be considered in setting visitation periods, generally. However, a closer reading of the case shows that the court, while disallowing the one-week Christmas visit, did uphold the four-week summer visitation period in light of the very same considerations. *See id.* at 670. In *Glass,* the distance, coupled with the winter weather and the child's young age, caused the danger of the trip to outweigh its value. The value of the trip was low because the visitation period had been limited to only one week. This reasoning cannot be applied to the instant case. This reasoning may appropriately be used to lengthen the period of visitation or to avoid the trip altogether, but it cannot logically be used to grant a relatively short period of visitation.

In the instant case the district court indicated, in other parts of the decree, that it was concerned with the same issues that concerned the supreme court in *Glass*—the young age of the child and the long interstate trip.[1] However, when stating the reasoning behind the two-week summer visitation period, the court mentions only the age of the child. We find the reasoning employed by the district court to be inappropriate.

■ We, therefore, increase the period of Jeffrey's summer visitation from two weeks to four weeks. We believe a four-week period is in the best interest of the child, better assuring the child the opportunity for the maximum continuing physical and emotional contact with both parents.

II. *Trial Attorney Fees.* Jeffrey next argues the district court erred in awarding Kathryn $1,500.00 for trial attorney fees. We affirm the district court's award.

■ Iowa trial courts have considerable discretion in awarding attorney fees. *In re Marriage of Giles,* 338 N.W.2d 544, 546 (Iowa App.1983). To overturn an award, the complaining party must show that the trial court abused its discretion. *Id.* Awards of attorney fees must be for fair and reasonable amounts, *In re Marriage of Willcoxson,* 250 N.W.2d 425, 427 (Iowa 1977), and based on the parties' respective abilities to pay. *In re Marriage of Lattig,* 318 N.W.2d 811, 817 (Iowa App. 1982).

We find no abuse of discretion.

III. *Child Support.* In her cross-appeal Kathryn argues the district court

---

1. The district court did not state, in its original or in its amended decree, that the seven- or eight-hour drive between the parties' residences was the reason for the two-week limitation on the summer visitation period. Rather, the court refers only to the child's young age as the reason for the limitation. However, in the section of the modified decree that the court discussed the reasons for the other terms of visitation, the court expressly referred to the distance between the residences as an important consideration.

erred in setting the amount of the child support award. She argues the district court should have considered Jeffrey's alleged voluntary reduction in earning capacity, future earning potential, and possible support by another person in determining his base income. We affirm the district court's award.

Our review of child support provisions in a dissolution proceeding is de novo. Iowa R.App.P. 14(f)(7).

In setting an award of child support, it is appropriate to consider the earning capacity of the parents. *In re Marriage of Byall*, 353 N.W.2d 103, 107 (Iowa App.1984). Earning capacity is one of the "other factors" to be considered. *Id.* at 107–08; *see* Iowa Code § 598.21(4)(i) (1989).

We agree with the district court's implicit finding that Jeffrey's earning capacity is best evidenced by his present income. We also agree with the district court's finding that Jeffrey's honorable discharge does not amount to a voluntary reduction in his earning capacity for the purpose of using that theory to find a higher earning capacity. Furthermore, the possible support available to Jeffrey from another person is not a consideration the district court must weigh in setting the child support award.

The district court awarded an appropriate amount of child support, considering Iowa Code section 598.21(4) and applying the child support guidelines adopted by the Iowa Supreme Court.

IV. *Appellate Attorney Fees.* Finally, Kathryn requests an award of attorney fees for this appeal.

An award of attorney fees is not a matter of right, but rests within the court's discretion and the parties' financial positions. *In re Marriage of Kern*, 408 N.W.2d 387, 390 (Iowa App.1987). We are to consider the needs of the party making the request, the ability of the other party to pay, and whether the party making the request was obligated to defend the trial court's decision on appeal. *In re Marriage of Castle*, 312 N.W.2d 147, 150 (Iowa App. 1981).

Neither party shall be required to pay the other party's attorney fees incurred in these appellate proceedings, and the costs of this appeal shall be divided equally between Jeffrey and Kathryn.

For all the reasons stated, the judgment is affirmed as modified.

AFFIRMED AS MODIFIED.