In re the MARRIAGE OF Marcia A. FLATTERY and Paul T. Flattery.

Upon the Petition of Marcia A. Flattery, Appellee,

And Concerning Paul T. Flattery, Appellant.

No. 94–0801.

Court of Appeals of Iowa.

June 27, 1995.

F. John Spellman, Timothy M. Duffy, and Jeanne K. Johnson, Des Moines, for appellant.

Mary S. Bernabe, Des Moines, for appellee.

Heard by DONIELSON, C.J., HUITINK, J., and SCHLEGEL, Senior Judge.*

DONIELSON, Chief Judge.

Paul appeals from the modification of his child support obligation. Upon our de novo review, we modify the award of trial attorney fees and affirm the remainder of the order modifying the decree.

Paul and Marcia Flattery were divorced in February 1987. At that time they had two minor children. Pursuant to the dissolution decree Paul was to pay $250 per child per month in child support. The parties' oldest child is no longer a minor and is not a subject of this action.

In November 1992 Paul learned his employment with U.S. West would be terminated in January 1993. Paul was earning nearly $15 an hour at U.S. West and had a net monthly income of $2,040.26. From January through October 1993 Paul received severance pay from U.S. West in an amount equal to his salary. After receipt of his severance pay ceased, Paul received weekly unemployment benefits of $227.

* Senior Judge from the Iowa Court of Appeals serving by order of the Iowa Supreme Court.

In January 1993 Paul enrolled in an upholstery training program. Paul testified a student can attend the program "as long as you want really." He intended to be enrolled in the program until the end of August 1994. Paul attended the upholstery program twenty-four hours a week. Upon his completion of the program, Paul intended to start his own upholstery business. He testified if he was to work for someone else doing upholstery work he would earn approximately $6.00 an hour. Paul presented no evidence as to what he expected to earn running his own upholstery business.

Marcia is a licensed practical nurse and she also teaches childbirth classes. Her net monthly income is $1,462.

In February 1993 Paul sought a modification of the dissolution decree. A hearing was held on September 16, 1993, at which time the parties stipulated to a resolution of all issues except the modification of Paul's child support obligation. The district court approved an order disposing of the stipulated issues and retained jurisdiction to address the issue of child support in 1994. The stipulation incorporates a child support calculation utilizing the level of income Paul received when working for U.S. West. Based on that level of income, Paul's support obligation for one child is $459.

A hearing was held on March 31, 1994, with respect to the issue of child support. Marcia elicited testimony from Paul which demonstrated he had not actively looked for employment after being terminated from U.S. West. She introduced evidence of numerous newspaper ads for positions for which she believed Paul was qualified. The pay for these jobs ranged from approximately $6.00 to $15.00 an hour.

Since learning in November 1992 that his position with U.S. West would be eliminated, Paul had made only about three inquiries to seek other employment. He did not work while he attended the upholstery program. Paul conceded there were a lot of jobs advertised for which he was qualified. He admitted he had made no effort to determine if positions were available which would pay more than the unemployment benefits he was receiving.

## I. MODIFICATION OF CHILD SUPPORT.

■ The parties agree the termination of Paul's employment with U.S. West was involuntary. They stipulated Paul's unemployment was a material and substantial change in circumstances. The only issue is whether the changed circumstances warrant a reduction in Paul's support obligation.

The district court found Paul had the ability to earn money while attending school and it set his child support obligation at $300 a month from April until October 1994. The court found Paul should have completed his education by August 1994, and it set his support obligation at $459 effective October 1994. The court indicated it was relying on Paul's earning capacity in setting his support obligation at this level.

■ In setting an award of child support, it is appropriate to consider the earning capacity of the parents. *In re Marriage of Bonnette*, 492 N.W.2d 717, 722 (Iowa App. 1992). "However, before using earning capacity rather than actual earnings, a court must make a finding that, if actual earnings were used, substantial injustice would result or that adjustments would be necessary to provide for the needs of the child and to do justice between the parties." *Id.*

■ While the district court did not elaborate on its reliance on Paul's earning capacity, we find there was a sufficient basis in the record for doing so. Paul's loss of employment in January 1993 was involuntary. However, his decision to remove himself from the job market and not actively look for employment was voluntary. He opted to forgo the possibility of acquiring new employment which could provide him with a source of income other than unemployment benefits. A self-inflicted or voluntary inability to pay child support is not grounds for modification. *See In re Marriage of Foley*, 501 N.W.2d 497, 500 (Iowa 1993).

■ Not every change in circumstances constitutes a sufficient basis for modification. *In re Marriage of Chmelicek*, 480 N.W.2d 571, 574 (Iowa App.1991). Paul bore the

burden to establish his change in circumstances was permanent and not temporary. He failed to demonstrate he could not obtain employment which would provide him with a level of salary comparable to that which he received at U.S. West. Under these circumstances, the district court properly relied on Paul's earning capacity in setting his child support obligation, and we affirm the court's ruling on this issue.

## II. TRIAL ATTORNEY FEES.

On appeal Paul claims the district court erroneously awarded Maria attorney fees. Generally the award of attorney fees is a matter within the trial court's discretion. *In re Marriage of Erickson,* 491 N.W.2d 799, 804 (Iowa App.1992). However, as Paul correctly points out, the parties had stipulated during the course of the September 16, 1993, hearing that each party would be responsible for his or her own attorney fees in the modification action. The court order approving the stipulation includes this agreement.

Having resolved the issue of attorney fees, and reserving only the issue of the amount of child support, the district court should not have ordered Paul to pay $500 of Marcia's attorney fees. We modify the district court's order to eliminate that provision.

## III. APPELLATE ATTORNEY FEES.

Both parties seek an award of appellate attorney fees. An award of appellate attorney fees is not a matter of right but rests within this court's discretion. *In re Marriage of Drury,* 475 N.W.2d 668, 672 (Iowa App.1991). We consider the parties' financial positions. *Id.* We look to the needs of the party making the request, the ability of the other party to pay, and whether the party making the request was obligated to defend the action on appeal. *Id.* Upon our review of the parties' circumstances, we find equity does not warrant an award of appellate attorney fees to either party. The costs of this appeal are assessed to Paul.

**AFFIRMED AS MODIFIED.**