In re The MARRIAGE OF Aimee Lynn
RAUE and Jack Lee Raue.

Upon the Petition of Aimee
Lynn Raue, Appellant,

And Concerning Jack Lee Raue, Appellee.

No. 94–2003.

Court of Appeals of Iowa.

July 26, 1996.

Todd P. Forsythe, Cedar Rapids, for appellant.

Linda Hansen Robbins of Irvine & Robbins, Cedar Rapids, for appellee.

Considered by CADY, P.J., and STREIT and VOGEL, JJ.

CADY, Presiding Judge.

Aimee Raue appeals a district court order denying her request to modify the child support provisions of a decree of dissolution of marriage. On our review, we modify the decree to increase the child support award.

Aimee and Jack Raue dissolved their fourteen-year marriage in 1987. The dissolution decree granted Aimee primary physical care of their four children: Jennifer, born March 10, 1970; Amanda, born September 15, 1974; Chauncey, born November 4, 1980; and Crystal, born April 13, 1983. The decree further ordered Jack to pay child support of $35 each week for each child. At the time of the dissolution he worked as a grain farmer and owned a 192–acre farm. Aimee worked as a part-time bookkeeper at the time of the divorce.

Following a hearing in January 1993, the decree was modified based primarily on an increase in Aimee's income after she became employed as a senior accounting clerk for a hotel and earned net monthly income of $1308. Jack continued to farm. The district court found his net monthly income was $854. Based upon the disparate income levels of the parties, the court reduced the support obligation for Chauncey and Crystal to $25 per week and reduced the weekly support for Amanda, who was enrolled in college, to $15. Jennifer was twenty-two years old and no longer subject to the support provisions.

Aimee did not appeal the modification order, although she did file a motion to enlarge and a motion for new trial. The motions inexplicably never received a ruling. Aimee filed the modification petition in October 1993 which is the subject of this appeal.

The modification hearing was held in November 1994. Aimee testified Amanda was forced to drop out of college because she could not meet the expenses. Aimee also testified it was difficult to satisfy other family expenses on her income and Jack's support payments. She stated she had experienced an increase in health care costs, property tax, and the general expenses associated with teenage children. She was unable to replace her deteriorating automobile.

Jack continued to farm, as he had since the marriage. His income tax returns showed his income had decreased since the original decree, as well as the first modification proceeding. His farming operation showed a loss of $4,081 in 1993, although he anticipated a profit for 1994. Jack also worked part-time as a plumber in 1993, earning an additional $6300 in income. He was no longer doing this work at the time of the modification hearing.

Aimee argued Jack's support obligation should be based on his earning capacity, not his actual earnings. She believed he was capable of earning $32,000 if he rented his land and obtained another job outside farming. Aimee also pointed out Jack has ample time and opportunity to pursue additional income outside farming.

The district court found no material and substantial change in circumstances since the last modification order and dismissed the petition. Aimee appeals.

■ Our review of an action to modify child support is de novo. *In re Marriage of Bolick*, 539 N.W.2d 357, 359 (Iowa 1995). We give weight to the findings of the trial court, but are not bound by them. *Id.*

■ Child support orders may be modified when there has been a substantial change in circumstances. Iowa Code § 598.21(8). A substantial change in circumstances exists, among other conditions, when the court-ordered child support award deviates by ten percent or more from the amount that would be due under the most current child support guidelines. *See* Iowa Code §§ 598.21(8) and (9).

■ It is appropriate to consider earning capacity rather than actual earnings in applying the Uniform Child Support Guidelines. *In re Marriage of Flattery*, 537 N.W.2d 801, 803 (Iowa App.1995). However, this approach requires a finding that the use of actual earnings would create a substantial injustice or adjustments are necessary to provide for the needs of the children and to do justice between the parties. *Id.*

■ Aimee argues the child support award should be modified because Jack's earning capacity exceeds his earnings. Jack responds modification is not justified because his earning capacity has not changed since the prior decree.

We acknowledge Jack's earning capacity has remained unchanged since the original dissolution decree. Jack still farms and his income continues to fluctuate annually. Nevertheless, the issue is not whether Jack's earning capacity has changed, but whether the current child support award deviates by ten percent or more from the amount that would be due under the current guidelines if based on earning capacity instead of actual earnings.

Resolution of that question first requires us to consider whether Jack's earning capacity may be used in applying the uniform guidelines. The trial court rejected this concept, essentially concluding farming was a full-time occupation. This conclusion, however, failed to consider Jack successfully supplemented his farm income in 1993 with employment as a plumber, and earned an additional $6300. Clearly, Jack has the capacity to earn income outside his grain farming operation.

We conclude Jack's earning capacity should be considered in determining child support to provide for the needs of the children and do justice between the parties. Jack's financial contribution to the children has been modest, and their expenses have been increasing. Moreover, Aimee has struggled to support the family on her income. The financial obligation for the children should be shared equally.

Jack's income history as a farmer has fluctuated between $15,501 in 1988 and a $4,081 loss in 1993. His net monthly farm income at the time of the modification hearing in January 1993, adjusted for depreciation, was found to be $854. We believe Jack has the capacity to earn additional net monthly income of $500. He is skilled as a plumber and has shown he has the time available to supplement his income. Evidence also suggests supplemental work is available to Jack. We conclude his net monthly income for purposes of applying the guidelines should be $1224. This amount considers a deduction for his monthly medical insurance obligation of $80.

Jack's support obligation under the uniform guidelines for two children is $367.20. This amount is greater than ten percent of Jack's prior obligation and constitutes grounds for modification.

We modify the prior decree to require Jack to pay monthly child support for Chauncey and Crystal of $367.20. This obligation shall continue under those conditions set forth in the original decree. At the point only one child is entitled to child support, we order the monthly amount to decrease to $275.40.

■ We deny Aimee's request for a retroactive increase in child support. Jack's support obligation is increased based on his capacity to increase his earnings, not on

earnings he has been accumulating during the pendency of this action. Under these circumstances, we believe the increase should not be retroactive. *See In re Marriage of Ober*, 538 N.W.2d 310, 313 (Iowa App.1995) (retroactive child support is discretionary).

■ We also deny Aimee's request that Jack pay one-half of the children's college expenses. The original decree continues the support obligation if the children attend college. The college plans of Chauncey and Crystal are not yet known. Furthermore, Amanda is almost twenty-two years old and is not presently enrolled in college. Thus, there are no circumstances to permit the college provision of the decree to be modified at this time.

We have fully considered all the issues and arguments raised by the parties. We modify the prior order to increase the child support obligation. We deny the additional claims. Costs are divided equally.

**AFFIRMED AS MODIFIED.**