In re the MARRIAGE OF Richard Lynn COLBY and Lynne Renae Colby.

Upon the Petition of Richard Lynn COLBY, Petitioner–Appellant,

And Concerning Lynne Renae Colby, n/k/a/ Lynne Renae Lindell, Respondent–Appellee.

No. 96–982.

Court of Appeals of Iowa.

June 26, 1997.

Karen L. Thalacker of Hagemann, Goeke, Egli & Thalacker, Waverly, for petitioner-appellant.

Gary J. Boveia of Boveia Law Firm, Waverly, for respondent-appellee.

Heard by HABHAB, C.J., and CADY and VOGEL, JJ.

CADY, Judge.

This is an appeal from an order by the district court denying a petition for modifica-

tion of a decree for dissolution of marriage. We affirm.

Richard and Lynne Colby dissolved their marriage on August 29, 1991. Lynne was given primary care of their two children, and Richard was ordered to pay monthly child support of $630. The decree also contained a provision requiring Richard to recalculate the child support obligation under the guidelines at the end of each year based on his actual net earnings for the year. Richard was then required to pay Lynne any difference in the amount required under the decree and the adjusted amount based on the actual incomes. Richard was given specific visitation rights. Richard remarried in 1991, and Lynne remarried in 1992. She lives in Waverly. Richard lives in Lake Mills.

Richard was employed as a nursing home administrator in Waterloo from 1989 to 1994. He terminated his employment in December 1994 after the nursing home board of directors allegedly requested him to funnel profits from the business. Richard also terminated the job due to the stress it produced. His annual income at the time of termination was $53,200.

Richard applied for a administrator position of a nursing home in Lake Mills in March 1995. The employment proposal submitted by Richard to the owners of the nursing home called for the $55,000 annual salary to be paid to a temporary employment company called Related Health Care, who would employ him to serve as the nursing home administrator. The nursing home accepted the proposal.

Richard is paid approximately $22,000 annually by Related Health Care for the administrative services he provides for the nursing home. Related Health Care was organized by Richards' wife in November 1994, with Richards' assistance. Nearly all the revenue of Related Health Care is derived from the nursing home contract negotiated by Richard. The business office of Related Health Care is the residence of Richard and his wife.

Richard filed a petition for modification of the dissolution decree in May 1995. He claimed his decrease in salary justified a decrease in the child support. He also re-quested the annual adjustment provision be discontinued, and requested Lynne to share in the transportation responsibilities related to visitation.

The district court declined to modify the decree and awarded Lynne attorney fees of $1,000. Richard appeals. He claims the district court erred in failing to reduce his child support obligation based on his reduced income. He further asserts the annual child support adjustment should have been terminated and the visitation provisions should have been modified to require Lynne to assist in transporting the children for visitation. Finally, he claims the district court erred in granting attorney fees to Lynne. Lynne requests appellate attorney fees.

## I. Standard of Review

Our review is de novo. Iowa R.App. P.4. We give weight to the findings of the trial court, but are not bound to them. Iowa R.App. P. 14(f)(7).

## II. Child Support

■ Child support provisions of a decree for dissolution of marriage may be modified when there has been a substantial change of circumstances making it equitable to do so. Iowa Code § 598.21(8) (1995). A self-inflicted or voluntary inability to pay child support, however, will not support the modification of a child support award. *In re Marriage of Flattery*, 537 N.W.2d 801, 803 (Iowa App. 1995).

■ In this case, the reduced income experienced by Richard was self-inflicted. Instead of obtaining another administrative position at the same income level he enjoyed at his prior administrative position, Richard sought and obtained a financial arrangement which artificially limited his income for the benefit of a business operated by his wife. Richard's claim that the financial arrangement was necessary and legitimate is clearly without merit.

## III. Annual Adjustment

■ Richard claims the annual child support adjustment should be eliminated because fluctuations in income may now be used to modify the child support award if the award deviates by ten percent or more from the amount due under the most current

guidelines. *See* Iowa Code § 598.21(9) (1995). We disagree.

Although the ten percent deviation rule was not in effect at the time of the original decree in 1991, our law did permit a modification of child support based on a change in general circumstances, including changes in income, and then required the guidelines to be used to establish the amount of support in the event a change in circumstances was established. *See In re Marriage of Dawson*, 467 N.W.2d 271, 274 (Iowa 1991). Under the circumstances, we do not view the adoption of the ten percent deviation rule to be a substantial change in circumstances. Moreover, we discern no inequity in a decree requiring an annual adjustment in child support tied to annual increases in income, even with the availability of the ten percent deviation rule. An annual adjustment provision is more responsive to changes in a parties' ability to pay child support, and is typically more cost-effective than a modification action. It continues to be an appropriate provision in a dissolution decree notwithstanding the adoption of the ten percent deviation rule.

### IV. Transportation

The district court found Lynne has been cooperative with Richard in helping transport the children for visitation. We give weight to this finding, and conclude a specific transportation provision is unnecessary. Under the circumstances, Richard's move to Lake Mills does not constitute a substantial change making it necessary to specify the transportation terms.

### V. Attorney Fees

The district court did not abuse its discretion in awarding attorney fees to Lynne. We award appellate attorney fees to Lynne of $1500.

### VI. Conclusion

We have considered all claims raised by Richard. We affirm the decision of the district court and award appellate attorney fees of $1500. Costs to Richard.

**AFFIRMED.**