# IN THE COURT OF APPEALS OF IOWA

No. 18-1007
Filed February 5, 2020

**ALLISON BRADY,**
    Plaintiff-Appellee,

**vs.**

**RICHARD RANDLE,**
    Defendant-Appellant.

_____

Appeal from the Iowa District Court for Polk County, Paul D. Scott, Judge.

A father appeals the child support ordered for his teenaged daughter.
**AFFIRMED.**

Richard L. Randle, Waukee, self-represented appellant.

Joseph G. Bertogli, Des Moines, for appellee.

Considered by Doyle, P.J., and Tabor and Schumacher, JJ.

**TABOR, Judge.**

Richard Randle appeals an order that he pay child support to Allison Brady, the mother of his seventeen-year-old daughter. He contends (1) Allison did not file a valid new action to establish child support, (2) the district court wrongly imputed his annual income as $60,000, which resulted in monthly child support payments of $605, and (3) the court didn't consider his reimbursement claim for $714.69. After our independent assessment of the entire record,[1] we conclude the district court properly addressed Richard's petition to modify child support and Allison's counterclaim.

The parties were never married to each other, but have a child in common, R.L.R., born in July 2000.[2] A December 2003 decree awarded these parents joint legal custody and placed physical care with Allison. The decree ordered Richard to pay $622 per month in child support.[3] That arrangement remained in place until February 2017 when the parents agreed to switch R.L.R's physical care to Richard. The parents agreed to suspend Richard's child support obligation. On March 24, 2017, the court ordered that suspension under section 252B.20 (2017). The teenager lived with her father until November 2017 when she returned to her mother's home.

---

[1] We employ de novo review for child-support questions under Iowa Code chapter 600B (2017). *Markey v. Carney*, 705 N.W.2d 13, 19 (Iowa 2005). Even with de novo review, we give weight to the district court's fact findings, especially with regard to witness credibility. *Id.* at 20.

[2] The district court's decision asserts R.L.R. was born in 2003. Allison's counsel repeats that year in her appellee's brief. But Allison's July 2003 petition and the December 2003 order establishing custody and support both state R.L.R. was born in July 2000. R.L.R. also testified that she would turn eighteen in July 2018.

[3] In February 2005, the Child Support Recovery Unit (CSRU) notified Richard that it had entered an income withholding order under Iowa Code chapter 252D (2005).

In October 2017 Richard petitioned to modify physical care and child support. The next month, Allison filed an answer and counterclaim, asking for reinstatement of child support. The district court held a hearing on those filings in late May 2018. At the hearing, Richard testified he had an associate's degree in science; he worked full time in 2016 earning roughly $60,000 per year, but was "fired for lack of performance" in 2017. He received unemployment compensation until he started a new, part-time job in April 2018. At that new job, Richard worked sixteen hours per week at fourteen dollars per hour. Allison's counsel argued Richard was "underemployed" and asked the court to impute his income as $60,000. For her part, Allison testified to working two jobs at almost sixty hours per week and earning $48,451 per year.

The court issued an order in early June 2018. The order rejected Richard's request to modify physical care. As for child support, the district court noted Iowa Code section 252B.20(9) (2018) provides that an order suspending child support becomes final by operation of law after six months. After that termination, a party seeking to establish a support obligation "shall bring a new action for support as provided by law." Iowa Code § 252B.20(9). Because of that provision, the district court "recast" Richard's petition as one to establish, rather than modify, support payments. The court noted: "Because Allison has filed a counterclaim asking that child support be established, and a counterclaim is certainly a new action, neither side will be prejudiced by recasting Richard's pleading."

In deciding Richard's new child support obligation, the court acknowledged Richard's testimony that he had tried to find a higher paying job but reasoned "Richard is an educated person and possesses the skills to allow him to enter the

workforce and find employment" with earnings comparable to his position before 2017. The court thus imputed Richard's annual income at $60,000. The court accepted that Allison's adjusted net monthly income was $3330.28. Applying the child support guidelines, the court ordered Richard to pay $605.38 per month. (That obligation started in June 2018 and ended when R.L.R turned eighteen, two months later.) The court also denied both parties' requests for "retroactive" child support.[4] And, the court directed both parents to contribute to post-secondary education subsidies for R.L.R.

Representing himself, Richard appeals. He does not contest the physical-care determination or post-secondary education subsidy. Instead, he focuses on the child-support ruling. We will briefly address each of his three related claims.

Richard first argues the district court erred in granting Allison's "counterclaim to modify the parties' original child support decree." Like the district court, we conclude neither party was prejudiced by its decision to recast Richard's petition, in tandem with Allison's counterclaim, as a "new action" to establish support in light of section 252B.20(9). Counterclaims stand as separate causes of action. *See* Iowa R. Civ. P. 1.244; *Grantham v. Potthoff-Rosene Co.*, 131 N.W.2d 256, 260 (1965). Because R.L.R. had returned to Allison's care, the court appropriately ordered Richard to pay child support. *See Markey*, 705 N.W.2d at

---

[4] In late 2007, Richard sought to reduce his child support payment through an application for modification under Iowa Code chapter 252H. The court granted this and reduced his payment to $489 per month. In the present action, Richard sought $714.69 to reimburse him for the period of February 14, 2017, when R.L.R. moved in with him, until the March 31, 2017 order suspending his child support obligation (roughly one-and-a-half months of payments).

19 (confirming courts are require to set support obligation in paternity actions under child support guidelines and section 600B.25(1)).

Richard next argues the court erred in imputing an annual income of $60,000 to him for purposes of the child support guidelines. Those guidelines aim to provide for the child's best interests by recognizing the duty of both parents to provide adequate support in proportion to their respective incomes. Iowa Ct. R. 9.3(1). In applying the guidelines, courts may consider earning capacity instead of actual earnings if using actual earnings would create a "substantial injustice" or adjustments are needed to "provide for the needs of the children and to do justice between the parties." *Id.* 9.11(4); *In re Marriage of Raue,* 552 N.W.2d 904, 906 (Iowa Ct. App. 1996). In our de novo review, we agree with the district court's implicit finding that using Richard's actual income from his part-time work at the time of the hearing would have created a substantial injustice between the parties. We also find the record evidence supported the amount imputed.

In his third and final claim, Richard contends the district court should have awarded him $714.69 in child support payments that Allison "received and kept, while not legally having custody" of R.L.R. The CSRU order suspending support designated March 24, 2017 as the effective date of the suspension. We agree with the district court's refusal to award retroactive support to Richard—although R.L.R. moved in February, Richard did not seek suspension of the support order until March. We find no basis to award Richard retroactive support.

Allison asks for appellate attorney fees. That award is within our discretion. *See Markey*, 705 N.W.2d at 26 (weighing needs of requesting party, other party's ability to pay, and requesting party's obligation to defend the district court's ruling

on appeal).  Examining their relative financial positions, we decline Allison's request.  But we do assess costs on appeal to Richard.

**AFFIRMED.**